### ILLEGAL PROSECUTIONS IN "SPEEDING" CASES.

Probate Court of Montgomery County.

STATE, EX REL. SANFORD OVERHOLSER, VS. FRED WOLF, SHERIFF, and CHARLES H. BORCHERS, JUSTICE OF THE PEACE.

Decided, February 28, 1927.

*Jurisdiction of Justices of the Peace Under the Motor Vehicle Act —Have No Authority to Assume Final Jurisdiction, When— Commercializing of the Examining Courts—Complaint Entered, Not By the "Party Injured," But By One to Be Benefited By Sharing In the Fine—A Legislative Absurdity.*

1. Under the motor vehicle law a justice of the peace has no jurisdiction to fine or imprison, except when the accused pleads not guilty and is entitled to a jury trial but waives his right thereto in writing.

2. A waiver of a right which does not exist is a nullity, and where a defendant is not entitled to a jury trial by reason of the fact that a fine constitutes the whole punishment of the offense charged, the waiver of a jury is wholly ineffectual to confer final jurisdiction on an examining court.

*Legler & Murray,* for Relator.

ROUTZOHN, J.

Sanford Overholser was arrested on the 25th day of January, 1927, by one T. A. Koons, a constable of Butler township, Montgomery county, Ohio, and taken before one Charles H. Borchers, a justice of the peace in and for said township, where he was charged, in an affidavit sworn to by said Koons, with the violation of Section 12603-1 of the General Code of Ohio. This section is contained in the Motor Vehicle Act and provides:

"Whoever operates a motor vehicle on the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

Upon arraignment, relator plead not guilty, signed a waiver of jury prepared by said justice of the peace, was immediately tried, found guilty, assessed a fine of ten dollars and the costs amounting to twelve dollars and eighty-

five cents and, upon refusal to pay the fine and costs, was committed by the justice to the jail of Montgomery county.

Relator seeks release on a writ of habeas corpus, his counsel contending that the justice of the peace was without jurisdiction to finally hear and determine the case, to assess the fine, or commit in default of payment thereof.

The Supreme Court of Ohio has held that a justice's court is one of limited jurisdiction and that by no implication or construction can its jurisdiction be extended beyond the plain language of the statutory law as contained in the General Code.

Generally, the criminal jurisdiction of a justice's court, as to misdemeanors as well as felonies, is limited to that of examining the accused, determining whether or not an offense has been committed and whether there is probable cause for binding the accused over to a court of competent jurisdiction for trial. Section 13422 provides:

"A justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout the county in which he is elected and where he resides, on view or on sworn complaint, to cause a person, charged with the commission of a felony or misdemeanor, to be arrested and brought before himself or another justice of the peace, and if such person is brought before him, *to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance, or otherwise dispose of the complaint as provided by law.*"

Subsequent to the original enactment of this statute and examining other sections of the General Code, we find the Legislature, at various sessions, specifically granting justices of the peace final jurisdiction in certain classes of misdemeanors—for instance, offenses against the pure food laws, cruelty to animals and children, nonsupport, employment of minors, possessing or selling intoxicating liquors, etc.

It is safe to assume that at the various general assemblies wherein these acts were passed and final jurisdiction granted to justices, the legislators specifically provided final jurisdiction advisedly, having in mind and not desiring to disturb said quoted Section 13422 which limits the general jurisdiction to an examining court.

Hence, we find the enactment of Section 3718-A of the Revised Statutes, which as amended and re-codified is now known as Section 13432 of the General Code. Violation of these special enactments prescribed imprisonment as part of the punishment and, therefore, we find not only specific provision for final jurisdiction, but also a provision for the justice to empanel a jury, thus granting the accused his constitutional right of trial by jury. Section 13432 reads as follows:

"In prosecutions before a justice, police judge or mayor, where imprisonment is part of the punishment, if a trial by jury is not waived, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the court of common pleas of the county that such prosecution is pending before him."

This Section 13432, considered in connection with two other sections hereinafter to be discussed, has created some confusion as to the jurisdiction of justices of the peace in misdemeanors, one court holding that said Section 13432 gives final jurisdiction to justices in all misdemeanor cases in which imprisonment is part of the punishment. See *State* v. *Pohlman,* 13 N. P. (N. S.), 254.

To ascertain if this decision is correct, we should consider the history of Section 13432. As stated before, it was, originally, Section 3718-A of the Revised Statutes, which at the time of the re-codification of our laws and the adoption of the General Code, read in part as follows:

"Any justice of the peace, police judge or mayor, of any city or village, shall each have jurisdiction within his county in all cases of violation of the laws, to prevent the adulteration of food and drink, the adulteration or deception in the sale of dairy products, or any other food and drugs and medicines, and any of the laws of cruelty to animals, or children   *   *   *   *in any such* prosecution where imprisonment is part of the punishment, if trial by jury be not waived, the said justice shall," etc.

The codifying commission separated this statute, the first part becoming part of Section 13423 of the General Code and the latter part Section 13432.

The codifying commission in compiling Section 13432, inadvertently or wittingly omitted the words *"in any*

*such"* which as contained in the original section undoubtedly referred to pure food violations, etc.

It is because of the omission of these words that confusion arose and it was assumed that justices have final jurisdiction in misdemeanors other than pure food and like enactments wherein final jurisdiction was specifically granted.

This assumption, however, is erroneous.  The Court of Appeals in the case of *State, ex rel. Hilt,* v. *Renz,* reported in 26 Ohio Circuit Court Reports, N. S., 391, held that Section 13432 does not confer jurisdiction upon justices of the peace, but merely directs the method of procedure for empanelling a jury in those cases, *i. e.,* pure food enactments, etc., in which the justices had been specifically granted final jurisdiction.  On page 393, Judge Richards in rendering the opinion of the court says:

"It is perfectly clear, therefore, that Section 13432, General Code, can only apply to a case where the officials therein named are given by appropriate statutory enactment final jurisdiction to try the accused, and that said section can have no application to a prosecution under Section 12475, General Code.  Manifestly the purpose of Section 13432, General Code, was to make operative all the statutory provisions conferring final jurisdiction of offenses upon the officials named in the section, where imprisonment may be a part of the punishment, and the section can only relate to that character of cases.  To hold otherwise would be to decide that the codifying commission and the General Assembly, in adopting its report and enacting the statute, had indirectly enlarged the jurisdiction of the officials named in this section so as to embrace all prosecutions where imprisonment is a part of the penalty.  It is inconceivable that the General Assembly had any such intent in view of the fact that the jurisdiction of these officials is carefully stated in detail in various sections of the General Code, and that they have no jurisdiction except such as may be specifically conferred by statute."

Applying this reasoning and complying with the decision of the Court of Appeals, this court finds that the motor vehicle act does not confer final jurisdiction on justices of the peace in prosecutions for the violation of its provisions, and that the justice of the peace was without jurisdiction to fine or imprison relator Overholser by virtue of Section 13432.

Two other sections of the General Code conferring jurisdiction on justices of the peace should be noted. These should be considered in direct connection with, because they logically follow, Section 13422, which limits the justices jurisdiction to that of an examining magistrate.

Section 13510 reads as follows:

"When a person charged with a misdemeanor is brought before a magistrate *on complaint of the party injured and pleads guilty thereto*, such magistrate shall sentence him to such punishment as he may deem proper, according to law, and order the payment of costs. If the complaint is not by the party injured, and the accused pleads guilty, the magistrate shall require the accused to enter into a recognizance to appear in the proper court as is provided where there is no plea of guilty."

It is obvious that the magistrate had no right to assume final jurisdiction over relator, Overholser, by virtue of this section. Overholser did not plead guilty and, if he had plead guilty, the complaint against him was filed by the arresting constable, Koons, who instead of being the party injured, fully expected to be the party benefitted thereby.

By party injured is meant some one who has been directly injured in his person or property by reason of the violation of some penal law.

One of the general public who has not been thus injured, whether a constable, speed officer, or other official, cannot be said to be the party injured.

Section 13511 of the General Code reads as follows:

"When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed and that there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance, with good and sufficient surety, in such amount as he deems reasonable, for his appearance at the proper time and before the proper court; otherwise he shall discharge him from custody. If the offense charged is a misdemeanor and the accused, in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

The first part of this section applies to both felonies

and misdemeanors, charging the examining magistrate with the duty to examine into the complaint and to bind the accused over to the Common Pleas or Probate Court as the nature of the violation and the law requires, or dismiss the complaint.

The latter paragraph applies solely to misdemeanors. This statute must be taken literally and must be strictly construed. By no implication can a justice of the peace assume jurisdiction except within the specific authority granted by the statutes.

Swan's Treatise, which is the recognized guide for justices of the peace, on page 863, expressly states:

"When the offense charged is a misdemeanor *punishable by imprisonment,* and the accused, in a writing subscribed by him, and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

The Attorney General of Ohio in an opinion, dated October 21, 1925, instructing as to the justice's jurisdiction in cases for the violation of motor vehicle law, held:

"If a person is taken before a justice of the peace for a violation of Sections 12602 to 12628-1, General Code, pleads not guilty, waives a jury and submits to be tried by the justice, the justice has final jurisdiction in cases *where the accused is entitled to a jury trial."*

In other words, a justice under the motor vehicle law (violations for speeding, etc.) has no jurisdiction to fine or imprison except where the defendant pleads not guilty, waives a jury in writing and is entitled to a jury trial.

A defendant is not entitled to the right of trial by jury where a fine is the sole punishment. A waiver of a right which does not exist is a nullity. A waiver of the right of trial by jury is ineffectual and can grant jurisdiction in no case unless the statute prescribed imprisonment as part of the penalty.

The anomaly of granting inferior courts jurisdiction, under certain respects, with power to imprison, and refusing jurisdiction where the punishment is but a limited fine is a legislative absurdity which the courts are powerless to correct.

Relator, Overholser, as charged, was not amenable to

punishment by imprisonment and the justice, therefore, erroneously assumed final jurisdiction in his case.

The justice, in this habeas corpus proceeding, appeared before the court, exhibited his docket and stated that unless he could exercise jurisdiction in "speeding cases" he would not make sufficient money out of his office to warrant him in continuing to serve.

This was a frank and well intended statement although based upon a false conception of law and justice.

Courts are not created for commercial purposes, to enrich a treasury or provide a livelihood for the incumbents and officers.

Justices of the peace in the conscientious discharge of their duties should ignore all considerations of personal gain and carefully guard against erroneous and illegal assumption of authority.

By respecting the law themselves, they will commend a greater respect for the law by the general public and save themselves from unfavorable criticism which is so prevalent in Ohio today.

Relator is released.